UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No. 8:09-cr-429-T-33EAJ

FREDERICK WARDELL MITCHELL
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Frederick Wardell Mitchell's Motion for New Trial (Doc. # 128), filed September 4, 2013. The Government filed a response in opposition on September 17, 2013. (Doc. # 130). For the reasons that follow, the Court denies Mitchell's Motion.

I.  **Factual Background**

On September 17, 2009, the grand jury returned an indictment charging Frederick Wardell Mitchell and his co-defendant Leonardo Jackson with: conspiring to rob a Waffle House restaurant in Tampa, Florida (count 1), obstructing commerce by robbery (count 2), carrying, using, and brandishing a firearm in furtherance of a robbery (count 3), carjacking (count 4), and carrying, using, and brandishing a firearm in furtherance of a carjacking (count 5). (Doc. # 13). The Government dismissed the indictment against

Jackson, who is currently serving a 30-year prison sentence in Louisiana.

Mitchell's trial began on September 27, 2010. (Doc. # 106). The Government's case featured testimony from Roberto Almaguer, who testified, among other things, that on the night in question he received a call from Mitchell saying "he had a lick for us," (Doc. # 88 at 281); that he and Jackson met up with Mitchell at his house before a friend dropped them off at Waffle House, (Id. at 282); that Mitchell stood guard at the door while the robbery took place, (Id. at 287); that they left the scene in a stolen Bronco with Mitchell in the passenger seat, (Id. at 290); and that, in an effort to elude police pursuit, Mitchell jumped out of the passenger door once the car was stopped on the interstate. (Id. at 291). On October 1, 2010, the jury found Mitchell guilty of each count of the indictment. (Doc. # 107).

At this juncture, Mitchell has obtained a sworn affidavit from Roberto Almaguer stating that Almaguer testified falsely against Mitchell because Almaguer was "forced, coerced, compelled, and intimidated" into doing so by the prosecution. (Doc. # 128 at 3). In light of the affidavit, Mitchell filed the instant motion for new trial

based upon new evidence or, alternatively, upon a violation of Giglio v. United States, 405 U.S. 150 (1972). (Id.). The Government filed its response in opposition to the motion on September 17, 2013. (Doc. # 130).

**II. Legal Standard**

In relevant part, Federal Rule of Criminal Procedure 33 reads: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The defendant bears the burden of justifying a new trial. United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006). "A motion for a new trial is addressed to the sound discretion of the trial court, and a decision to deny a new trial motion will not be reversed absent an abuse of discretion." United States v. Reed, 887 F.2d 1398, 1404 (11th Cir. 1989). Motions for a new trial are highly disfavored and new trials based on newly discovered evidence should be granted only with great caution. United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003).

    **A.   New Trial Based on Newly Discovered Evidence**

To justify a new trial on the basis of newly discovered evidence, the defendant must satisfy the following five elements:

> (1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result.

United States v. Lee, 68 F.3d 1267, 1273 (11th Cir. 1995). Furthermore, "[a]s a matter of law, the trial court cannot grant a motion for a new trial based on newly discovered evidence once it has determined that the movant has failed to satisfy any part of the five-part test." Reed, 887 F.2d at 1404.

Additionally, "[i]n ruling on a motion for new trial based upon newly discovered evidence, it is within the province of the trial court to consider the credibility of those individuals who give statements in support of the motion." Id. at 1404, at n.12 (internal citation omitted). It is also "settled law that newly discovered evidence, the effect of which is to discredit, contradict or impeach a witness, does not afford a basis for the granting of a new trial." Brown v. Schwartz, 164 F.2d 151, 152-53 (5th Cir. 1947) (internal quotation omitted).[1]

---

[1] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent the decisions of the Fifth

Instead, for "newly discovered evidence to justify a new trial, the evidence must be material and not merely cumulative or impeaching, and must be such that it will probably produce an acquittal." United States v. Diaz, 190 F.3d 1247, 1255 (11th Cir. 1999). Generally, a motion for new trial may be decided upon affidavits without evidentiary hearings. See, e.g., United States v. Schlei, 122 F.3d 944, 994 (11th Cir. 1997).

**B.   New Trial Based on *Giglio* Violation**

"The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or the bad faith of the prosecution." Brady v. Md., 373 U.S. 83, 87 (1963). Such a violation may merit a new trial for the defendant. Giglio, 405 U.S. at 153 ("[D]eliberate deception of a court and jurors by the presentation of known false evidence is incompatible with rudimentary demands of justice. [T]he same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears.")(internal quotations omitted).

---

Circuit handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1207 (11th Cir. 1981).

"In a specific application of the Brady rule, the defendant can establish a due process violation under Giglio if he can show that (1) the prosecutor knowingly used perjured testimony or failed to correct what he subsequently learned was false testimony, and (2) there is a reasonable probability that the perjured testimony could have affected the judgment." United States v. Elso, 364 F. App'x 595, 599 (11th Cir. 2010) (internal quotations omitted). To demonstrate that the prosecutor knowingly used perjured testimony, "the following must be shown: (1) the contested statements were actually false, (2) the statements were material, and (3) the prosecution knew that they were false." United States v. Bailey, 123 F.3d 1381, 1395 (11th Cir. 1997).

### III. **Analysis**

#### A. **Newly Discovered Evidence**

The full extent of the new evidence presented in Mitchell's Motion is an affidavit from Roberto Almaguer stating, "During the trial of Frederick Mitchell in September of 2010. I was force, coercion, compel, and intimidated by United States Assistance District Attorney Colleen Murphy Davis to falsely testified on Frederick Mitchell in the United States District Court for the Middle

District of Florida." (Doc. # 128 at 8). In his Motion, Mitchell never alleges that Almaguer's affidavit was actually obtained after trial; indeed, the document is not dated. (Doc. # 128 at 8). Thus, Mitchell fails to meet the first prong of the five part test. This failure is grounds alone for denying the motion. See United States v. Holmes, 171 F. App'x 753, 758 (11th Cir. 2006)(denying motion for new trial where the defendant failed to meet his burden of demonstrating that new evidence was discovered after trial).

In addition, the district court may deny a motion for new trial upon an assessment that a belated exculpation is not credible and therefore would not produce a different result at trial. See, e.g., United States v. Vergara, 714 F.2d 21, 23 (5th Cir. 1983); United States v. Metz, 652 F.2d 478, 480-81 (5th Cir. 1981); see also Reed, 887 F.2d at 1404-05 (recognizing that a witness's unbelievable testimony can provide the basis for denying a motion for new trial because the outcome probably would not be different). Here, the affidavit is insufficient to justify a new trial due to the circumstances surrounding its presentation to this Court as well as its utter lack of elaborating details.

In cases such as this "it is not unusual for one of two convicted accomplices to assume the entire fault and thus exculpate his co-defendant by the filing of a recanting affidavit. It goes without saying that not every such recanting affidavit requires a new trial of the other defendant for whose benefit it is produced." Ledet v. United States, 297 F.2d 737, 739 (5th Cir. 1962). Almaguer appears to state here that all of his testimony implicating Mitchell is untrue.

In contrast to Almaguer's detailed trial testimony, the conclusory nature of the affidavit he now offers deprives it of any credibility. He has given no corrected account of the crime nor has he described the force, coercion, compulsion, or intimidation that he claims led to his inaccurate testimony. Furthermore, having already been sentenced to a 30 years imprisonment, (Doc. # 88 at 275), Almaguer's testimony at this juncture "cost[s] him nothing"; and, thus, his current attempt to exculpate Mitchell gains no credibility as a statement "contrary to his own penal interest." Metz, 652 F.2d at 480-81 (5th Cir. 1981). Due to possibly dubious motives for making such a statement at this time as well as the dearth of actual

evidence presented, the affidavit would probably not produce an acquittal.

**B.   *Giglio* Violation**

A defendant must specifically identify the perjured or false testimony offered by the prosecutor to present a successful Giglio challenge. See United States v. Ragosta, No. 12-12223, 2013 U.S. App. LEXIS 12960 (11th Cir. June 25, 2013). In Ragosta, the court held that the defendant had not identified perjured or false testimony sufficient to find prosecutorial misconduct where the defendant had stated only that the prosecution "altered its evidence at the second trial to defeat [his] alibis" without offering substantiating facts. Id. at *10.[2]

Similarly, Almaguer's affidavit does not specifically state which parts of his trial testimony, if any, were fabricated. Instead, he vaguely states that he "falsely testified on Frederick Mitchell." (Doc. # 128 at 8). As in Ragosta, the affidavit "provides no real basis for concluding" that Almaguer testified falsely at trial. 2013 U.S. App. LEXIS 12960 at *11. As stated above, the

---

[2] The Ragosta holding does not deal specifically with a Giglio challenge, but evaluates a prosecutorial misconduct claim with elements identical to a Giglio claim.

affidavit provides no elaborating details of any kind sufficient to show that Almaguer testified falsely at trial, let alone that the prosecution knew of such alleged perjury.

Nor is it clear that such evidence, if demonstrated, would create a "reasonable probability that the perjured testimony could have affected the judgment." Elso, 364 F. App'x at 599 (internal quotations omitted). The Government's case against Mitchell was strong. The evidence presented at trial included police observation of him fleeing from a vehicle stolen from the scene of the Waffle House robbery, (Doc. # 88 at 163), witness testimony of him admitting to participating in such robbery, (Id. at 205-08), and cell tower records consistent with witness accounts of his whereabouts at various times throughout the crime. (Doc. # 89 at 188-91). The prosecutor, in her closing argument, even went so far as to downplay the importance of Almaguer's testimony to the case, stating, "I would never ever prosecute a case or ask a jury to convict a defendant based upon the sole testimony of a person like Almaguer." (Doc. # 90 at 167). As argued by the Government, "defendant's unsubstantiated assertions of some 'false testimony' are not 'material' and do not 'undermine confidence in the [jury's] verdict.'" (Doc. # 130 at

12)(citing United States v. Dickerson, 248 F.3d 1036, 1041 (11th Cir. 2001)). Thus, the Court denies the Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Frederick Wardell Mitchell's Motion for New Trial (Doc. # 128) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of October, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record