UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:09-cr-429-VMC-AAS

FREDERICK MITCHELL

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Frederick Mitchell's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13(b)(6) (Doc. # 161), filed on April 24, 2024. The United States of America responded on May 19, 2025. (Doc. # 164). For the reasons set forth below, the Motion is denied.

**I.  Background**

On January 18, 2011, Mr. Mitchell was sentenced to a 747-month term of imprisonment for two counts of aiding and abetting the discharge of a firearm during a crime of violence, conspiracy to commit robbery, robbery, and carjacking. (Doc. # 99). Mr. Mitchell is 44 years old, and his projected release date is May 31, 2061. See Bureau of Prisons' Inmate Locator at https://www.bop.gov/inmateloc/ (last visited June 11, 2025).

1

In his Motion, Mr. Mitchell seeks compassionate release from prison under Section 3582(c)(1)(A). (Doc # 161). He argues that compassionate release is appropriate because the mandatory sentence he received in 2011 for his two 18 U.S.C. § 924(c) convictions would be shorter if he were sentenced today under current law. (Id. at 10-11). He also notes his participation in educational programs while incarcerated and his role as a Challenge Program Orderly supporting compassionate release. (Id. at 3). The United States has objected to Mr. Mitchell's request. (Doc. # 164). The Motion is now ripe for review.

## II. Discussion

The United States argues first that the Motion should be denied because Mr. Mitchell has not established an extraordinary and compelling reason for compassionate release. (Doc. # 164 at 4-5).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). When, as here, the exhaustion requirement is satisfied, a district

2

court may reduce a prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." <u>United States v. Alonge</u>, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

> Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually long sentence.

<u>United States v. Allen</u>, No. 1:09-CR-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024).

In his Motion, Mr. Mitchell relies on the "unusually long sentence" category of extraordinary and compelling circumstances based on the stacking of his Section 924(c) charges. (Doc. # 161 at 10-11). If Mr. Mitchell had been sentenced today, he insists he would "likely" have received a lower sentence of fifteen years. (<u>Id.</u>). As support for this assertion, Mr. Mitchell relies on Section 403 of the First Step Act, which reduced the statutory mandatory minimum for

3

violations of Section 924(c) and provided that a 25-year consecutive term for a successive 924(c) offense is not applicable unless the defendant had a prior 924(c) conviction. (Id. at 11). Thus, Mr. Mitchell claims that if the Court were sentencing him today, he would be sentenced to fifteen years of incarceration because Mr. Mitchell believes that is the statutory minimum today. (Id. at 10).

Yet the Court disagrees with Mr. Mitchell's assumption. Mr. Mitchell was sentenced to 747 months because that incarceration term is what the Court deemed appropriate. (Doc. # 99). There is insufficient evidence to establish that the Court would sentence Mr. Mitchell to the statutory minimum today, which is fourteen years. In such a scenario, the Court could, in its discretion, find that a term of incarceration *longer* than fourteen years is appropriate. In addition, Congress expressly stated the First Step Act only applies to sentences after the Act's enactment on December 21, 2018, more than seven years *after* Mr. Mitchell was sentenced. 132 Stat. 5222, § 403(b). Therefore, Mr. Mitchell's assertion that he would be sentenced to fifteen years if sentenced today is speculative at best.

Nevertheless, even if Mr. Mitchell could establish that he would receive a sentence of fifteen years if sentenced

4

today and that this sentencing disparity constitutes an extraordinary and compelling reason for release, compassionate release would still not be granted. Before granting compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, U.S.S.G. 1B1.13(2), and that the 18 U.S.C. § 3553(a) factors favor early release. Notably, Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime.

The Court agrees with the United States that granting compassionate release when Mr. Mitchell has only served less than a quarter of his sentence would not adequately reflect the seriousness of the offense under Section 3553(a)(2)(A). (Doc 164 at 18). This is bolstered by the fact that the crime involved Mr. Mitchell and his co-defendant brandishing firearms during the robbery of a Waffle House—holding several victims at gunpoint—followed by a carjacking. (Doc. # 143 at 6).

Furthermore, the United States correctly notes that Mr. Mitchell has had a troubling disciplinary record in prison, including violent acts of fighting on two occasions, the most recent of which involved Mr. Mitchell's use of a broomstick

as a weapon. (Doc. # 164 at 18); see United States v. Harris, 8:10-cr-00438-VMC-AAS, Doc. # 549 at 5-6 (M.D. Fla. March 26, 2021) (denying compassionate release when the underlying offense involved the defendant brandishing a weapon in robberies of two convenience stores and had incurred a disciplinary record while incarcerated).

While the Court appreciates Mr. Mitchell's participation in education programs and purported introspection, Mr. Mitchell still appears to be a danger to others; thus, the need to protect the public from further crimes is significant. Therefore, compassionate release must be denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Frederick Mitchell's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 161) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of June, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE